UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>        Gifty R. Samuels,<br><br>                                Debtor | Docket No.: 06-11656-HJB<br><br>Chapter 11 |
| Gifty R. Samuels,<br>                                Plaintiff,<br>        v.<br>Deutsche Bank National Trust Company,<br>    as Trustee;<br>Homevest Capital, LLC;<br>Argent Mortgage Company, LLC;<br>AMC Mortgage Services, Inc.;<br>Anderson, Brody, Buchalter, Nemer, PC;<br>HomEq Servicing Corporation;<br>Miller & Clark, PC;<br>Accredited Home Lenders, Inc.;<br>American Home Mortgage Servicing, Inc.;<br>Mortgage Electronic Registration Systems, Inc.;<br><br>                                Defendants | ADVERSARY PROCEEDING<br><br>No. |

COMPLAINT

NOW COMES Gifty R. Samuels, debtor/plaintiff in the above captioned matter, and complains of the defendants as follows:

PARTIES AND JURISDICTION

1    Plaintiff Samuels is a natural person residing in Lynn, Massachusetts. She filed a petition under chapter 13 of the bankruptcy code on June 1, 2006 ("the petition date"). As her putative debts exceeded the limitation in 11 USC §109(e), she converted the case to chapter 11 by order dated August 10, 2006.

2    Samuels is a "debtor-in-possession" within the meaning of 11 USC §1101.

3    Venue of the bankruptcy case is appropriate in this court pursuant to 28 USC §1408. Venue of the instant complaint is appropriate pursuant to 28 USC §1409.

4    This court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC §1334.

5    Pursuant to 28 USC §157, the district court has referred all bankruptcy cases and related

proceedings to the bankruptcy judges of this district.

6 This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment. In the event that any claim is determined to be non-core, the plaintiff assents to entry of final judgment by the bankruptcy court.

7 According to a proof of claim filed by it, defendant Deutsche Bank is the trustee of a securitized real estate trust, further identified hereinafter, with an address C/O Citi Residential Lending Inc.; 10801 6th Street Suite 130; Rancho Cucamonga, CA 91730. Hereinafter, this defendant shall be referred to as "Deutsche".

8 Upon information and belief, defendant Argent Mortgage Company, LLC, is a Delaware corporation with a mailing address c/o AMC Mortgage Services, Inc.; PO Box 789; Orange, CA. Hereinafter, this defendant shall be referred to as "Argent".

9 Upon information and belief, defendant Anderson Brody Buchalter Nemer is a professional corporation located at 4680 East Shea Boulevard, Phoenix, AZ 85028. Hereinafter, this defendant shall be referred to as "Buchalter".

10 Upon information and belief, defendant Homevest Capital, LLC, is a North Carolina corporation with principal office at 6701 Carmel Road, Charlotte, NC. Hereinafter, this defendant shall be referred to as "Homevest".

11 According to a proof of claim filed in this case, defendant HomEq Servicing Corporation has an address at 4837 Watt Avenue; North Highlands, CA. Hereinafter, this defendant shall be referred to as "HomEq".

12 According to a proof of claim filed in this case, defendant Miller & Clark, PC, has an office at 19732 Macarthur Blvd.; Irvine, CA, and is believed to be a law firm. Hereinafter, this defendant shall be referred to as "Miller".

13 Upon information and belief, American Home Mortgage Servicing, Inc., is a Delaware corporation with principal offices in Irving, Texas. Hereinafter this defendant shall be referred to as "AHMS".

14 Upon information and belief, Mortgage Electronic Registration Systems, Inc., (referred to hereinafter "MERS") is a Delaware Corporation with principal offices in Reston, VA. MERS has appeared in the bankruptcy case by filing a motion for relief from the automatic stay and other papers.

15 As of the petition date, Samuels owned three parcels of real estate in Lynn, Massachusetts, known as 316 Essex Street; 316B Essex Street; and 318 Essex Street, all in Lynn, Massachusetts.

16 During the bankruptcy case, a mortgagee of 318 Essex Street was granted relief from the automatic stay and foreclosed the mortgage. No relief is sought by this complaint with respect to that property or the mortgage encumbering title to that property.

17 In this complaint, a reference to a document being "recorded" refers to a document on

2

record at the Essex South Registry of Deeds in Salem, Massachusetts.

### 316 ESSEX STREET, LYNN

18    The records at the Essex South Registry of Deeds reflect that Samuels acquired this property by deed dated August 18, 2005, but recorded on August 19, 2005, at book 24718, page 354.

19    On the same date, she gave a first mortgage to MERS as nominee for Accredited Home Lenders, Inc., which was recorded at book 24718, page 355, and a second mortgage to MERS as nominee for Accredited, recorded at book 24718, page 377. The original principal amount of the first mortgage was $375,200, and the second was $93,800.

20    It does not appear that Accredited or any other entity has filed a Proof of Claim respecting the second mortgage, nor are there any assignments of record pertaining to this mortgage.

21    With respect to the first mortgage, a Proof of Claim was filed by HomEq Servicing Corporation, appearing as claim number 7 on the Claims Register. The name of the creditor was stated as "HomEq Servicing Corporation". A copy of the Note and Mortgage were attached, but bore no indication of assignment of the mortgage or negotiation of the note to HomEq Servicing Corporation. The proof of claim was signed electronically by Gene R. Clark, who appears to be an attorney with defendant Miller and Clark, PC.

22    Pre-petition, an entity known as FV-1, Inc., commenced an action pursuant to the Servicemembers Civil Relief Act in the Massachusetts Land Court, relating to the first mortgage. An order of notice was recorded at book 25602, page 188, on April 26, 2006.

23    On May 23, 2006, an assignment of the first mortgage was recorded by MERS as nominee for Accredited, found at book 25696, page 523. The assignee was FV-1, Inc.

24    Samuels recorded a Declaration of Homestead respecting this property, pursuant to Massachusetts General Laws Ch. 188 §1 et seq., on May 23, 2006. The document is recorded at book 25697, page 271.

25    On January 22, 2008, MERS, as nominee for Accredited, recorded another assignment of the first mortgage to Citigroup Global Markets Realty. This assignment is found at book 27469, page 54. The date of the assignment is after the petition date in the bankruptcy case.

26    Thereafter, FV-1, Inc., on July 8, 2008, executed a "Corporation Assignment of Deed of Trust/Mortgage" relative to the first mortgage and caused the same to be recorded at book 27930, page 289, on July 22, 2008. The assignment purports to have an "effective date" of December 15, 2006. It purports to assign the first mortgage from FV-1, Inc., to MERS as nominee for Accredited. It was signed by Tracey O'Brien-Moore, purporting to be a

3

Vice President and "its Attorney In-Fact Barclays Capital Real Estate Inc. d/b/a/ Homeq Servicing." The jurat, however, states that O'Brien-Moore is a Vice President of FV-1, Inc.

27   Samuels objected to the claim (#7). An evidentiary hearing on the resulting contested matter has commenced but not been completed as of the date of this complaint.

### 316B ESSEX STREET (A/K/A 316A/B ESSEX STREET)

28   Samuels acquired this property by deed dated August 18, 2005, but recorded on August 23, 2005, at book 24732, page 462,

29   On August 19, 2005, a mortgage dated August 18, 2005, was recorded at book 24722, page 41, in the amount of $68,000. The mortgagee was Argent Mortgage Company, LLC. This mortgage was recorded <u>before</u> the deed was recorded. Hereinafter, this mortgage shall be referred to as the "August 19" mortgage.

30   On August 23, 2005, another mortgage, also dated August 18, 2005, and naming Argent, was recorded at book 24732, page 463, having a principal amount of $272,000. Hereinafter, this mortgage shall be referred to as the "August 23" mortgage.

31   The records of the registry do not reflect any assignments of either mortgage being recorded prior to the petition date.

32   A notice pursuant to the Servicemembers Civil Relief Act, relating to the August 23 mortgage, was recorded at book 25740, page 149, on June 2, 2006, one day after the petition was filed. The notice states that the plaintiff is Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-W3 Under the Pooling and Servicing Agreement Dated as of October 1, 2005, Without Recourse.

33   On August 11, 2008, after the petition date, a "Confirmatory Assignment of Mortgage" was recorded by Argent Mortgage Company, LLC, purporting to assign the August 23 mortgage to the aforesaid Deutsche Bank National Trust Company, as Trustee. The document was recorded, at book 27975, page 18. The document was signed by Tamara Price, purporting to be a Vice President of Citi Residential Lending, Inc., as attorney in fact for Argent Mortgage Company, LLC. The document has no reference to any recorded Power of Attorney. It also has the following language: "FOR VALUE RECEIVED, AND WITH AN EFFECTIVE DATE OF April 14, 2006 meaning and intending to replace the original assignment which due to inadvertence and/or mistake was lost" (capitals in original).

34   With respect to the August 19 mortgage, an assignment of the mortgage was recorded on April 18, 2007, after the petition date, at book 26750, page 289. The document purports

4

to assign the August 19 mortgage from Argent to Homevest Capital. According to the jurat, it was signed on August 22, 2005.

35    In the bankruptcy case, two proofs of claim were filed by AMC Mortgage Services, Inc., as servicer for Argent Mortgage Company. Neither claim identifies the collateral nor do they have copies of the note and mortgage attached.

36    Both claims were filed by an attorney with the Buchalter firm.

37    After reasonable investigation, it appears that claim number 3, filed by Argent, relates to the August 23 mortgage, as it alleges an amount due of $294,466.50.

38    The plaintiff/debtor objected to the claim, and after substantial litigation, on August 19, 2008, Citi Residential Lending, Inc. ("Citi"), filed a motion to amend claim number 3, asserting that the original claim essentially contained incorrect information due to a clerical error, and that the proper claimant should have been defendant Deutsche Bank, as trustee, for which Citi is the attorney-in-fact. The motion was allowed over Samuels' opposition. The amended claim appears as number 14 on the claims register. The Samuels' objection to the claim remains pending as of the date of this complaint.

39    In the bankruptcy case, Deutsche Bank has filed a motion for summary judgment, accompanied by numerous documents relating to its alleged ownership of the mortgage. Among them is an assignment "in blank", dated August 18, 2005. This assignment was not recorded, has no reference to any document at the Registry of Deeds and does not name or identify an assignee.

40    After reasonable investigation, it appears that claim number 6 is for the August 19 mortgage, as it alleges an amount due of $74,721.09. As with claim number 3, the debtor objected to the claim.

41    Argent did not respond to the plaintiff/debtor's objection to the claim. However, on or about June 17, 2008, an entity known as United Mortgage & Loan Investment Corp. filed documents with the clerk of the court purporting to amend claim number 6 by adding a copy of the note, but not the mortgage, and a copy of the assignment from Argent to Homevest Capital LLC, referred to above. Neither United nor Homevest has responded to the claim objection.

42    Claims 3 and 6 were filed by defendant Buchalter.

### RELIEF REQUESTED

*Deutsche Bank, as trustee*

43    Based upon the assignment "in blank" referred to above, Deutsche Bank claims to be the owner, as trustee for a securitized trust, of the mortgage relating to claim number 3, as amended by claim number 14.

5

44  Deutsche Bank's obligations as trustee are specified in a certain Pooling and Servicing Agreement.

45  Under Massachusetts law, a mortgage is an interest in land and therefore must be in writing and must identify the mortgagee.

46  Under Massachusetts law, an *assignment* of a mortgage is an assignment of an interest in land, and therefore must be in writing and must identify the assignee.

47  Because the assignment "in blank" relied upon by Deutsche Bank fails, at a minimum, to identify the assignee, the said assignment "in blank" does not constitute an effective conveyance of the mortgage under Massachusetts law.

48  Even if the conveyance were effective despite the lack of an identification of the assignee, the assignment "in blank" and every other purported assignment is invalid because under the Pooling and Servicing Agreement, the mortgage must be conveyed to the trust by a "depositor".

49  Under the specific Pooling and Servicing Agreement allegedly controlling the ownership of the mortgage at issue, the depositor is Argent Securities, Inc.

50  The assignments by which Deutsche Bank claims title to the mortgage were executed by Argent Mortgage Company, LLC, not Argent Securities, Inc.

51  As of the petition date, therefore, Deutsche Bank did not have good title to the mortgage.

52  When Deutsche Bank commenced the Servicemembers Civil Relief Act proceeding in the Land Court, it was not the actual holder of the mortgage.

53  The Confirmatory Assignment of Mortgage recorded on August 11, 2008, is void because it was recorded in violation of the automatic stay provisions of 11 USC §362(a)(4), and because it was executed by Argent Mortgage Company, LLC, not by Argent Securities, Inc.

54  The Confirmatory Assignment of Mortgage recorded on August 11, 2008, is void because it was not authorized by the court, and therefore violated 11 USC §549(a).

55  As a debtor-in-possession, Samuels may avoid the unauthorized transfer pursuant to §549, for the benefit of the bankruptcy estate pursuant to §550.

56  Because she is a debtor-in-possession, Samuels may avoid the transfer as a hypothetical lien creditor or purchaser of the property without notice, pursuant to §544.

57  Samuels took the mortgage loan in order to conduct a business or trade in that she did not intend to live in the property.

58  Deutsche Bank's actions as specified herein were unfair and/or deceptive within the meaning of Chapter 93A of the General Laws.

WHEREFORE Samuels respectfully requests judgment against Deutsche Bank: 1) disallowing its claim and finding and declaring, pursuant to 11 USC §506(d), that the mortgage

lien claimed by Deutsche Bank is void; 2) finding and declaring that the pre-petition assignment "in blank" is invalid; 3) if the pre-petition assignment "in blank" is valid, avoiding it pursuant to §544 because it was unperfected as of the petition date; 4) avoiding the unauthorized post-petition assignment pursuant to §549; 5) awarding her damages for the violations of the automatic stay; 6) awarding her treble damages, attorney fees and costs, pursuant to Mass.Gen. Laws Ch. 93A; 7) awarding her such other or different relief as to the court seems meet and just in the circumstances.

*Homevest Capital*

59   The August 19 mortgage was originally given to Argent Mortgage Company.

60   However, as of August 19, Samuels was not the owner of record of the property, and the mortgage lien did not attach to any interest in the property.

61   Because it had assigned the mortgage to Homevest Capital LLC on or about August 22, 2005, Argent was not the holder of the mortgage as of the petition date and had no standing to file a Proof of Claim, either on its own or through AMC as servicer.

62   Neither Argent, AMC nor Homevest has responded to Samuels' objection to the claim.

WHEREFORE Samuels respectfully requests judgment against Homevest: 1) disallowing its claim and finding and declaring, pursuant to 11 USC §506(d), that the mortgage lien claimed by Homevest is void; 2) finding and declaring that the mortgage lien is invalid because it was recorded before Samuels had an interest in the property; 3) if the mortgage is nonetheless valid, avoiding the unauthorized recording, post-petition, of the assignment pursuant to §549; 4) awarding her damages for the violations of the automatic stay; 5) awarding her treble damages, attorney fees and costs, pursuant to Mass.Gen. Laws Ch. 93A; 6) awarding her such other or different relief as to the court seems meet and just in the circumstances.

*Argent Mortgage Company and AMC Mortgage Services, Inc.*

63   In the bankruptcy case, two proofs of claim were filed by AMC Mortgage Services, Inc., as servicer for Argent Mortgage Company. Neither claim identifies the collateral nor do they have copies of the note and mortgage attached.

64   During the bankruptcy case, Deutsche Bank has filed documents claiming that it is the holder of the mortgage relating to claim number 3, not Argent, and that Citi Residential Lending, not AMC, is the servicer of the mortgage.

65   During the bankruptcy case, an entity known as United Mortgage & Loan Investment Corp. filed documents with the clerk of the court purporting to amend claim number 6 by adding a copy of the note, but not the mortgage, and a copy of an assignment from Argent to Homevest Capital LLC.

66    The assignment is dated August 22, 2005, well before the petition date and well before Argent filed proof of claim number 6.

67    Argent and AMC Mortgage Services, Inc., knew or should have known that they were neither the holder nor the servicer of the mortgages as of the petition date.

68    Argent and AMC Mortgage Services, Inc., filed a false or fraudulent proof of claim for the purpose of obtaining money or property to which it was not entitled.

69    Their actions were unfair and/or deceptive within the meaning of Chapter 93A of the Massachusetts General Laws.

WHEREFORE Samuels respectfully requests judgment against Argent and AMC Mortgage Services: 1) disallowing its claims and finding and declaring, pursuant to 11 USC §506(d), that the mortgage liens claimed by them are void; 2) awarding her treble damages, attorney fees and costs, pursuant to Mass.Gen. Laws Ch. 93A; 3) awarding her such other or different relief as to the court seems meet and just in the circumstances.

*HomEq Servicing Corporation*

70    HomEq filed a proof of claim which appears as number 7 on the claims register. Attached to the proof of claim were a Note and Mortgage relating to 316 Essex Street.

71    The Note and Mortgage appear to have been given to Accredited Home Lenders, Inc., for which MERS appeared as a nominee in the mortgage.

72    There was nothing attached which tended to show that HomEq was the actual creditor as of the petition date, rather than Accredited, or at any time thereafter.

73    As noted above, especially in paragraphs 23 through 26, numerous contradictory and confusing assignments of the mortgage exist that were created both pre-petition and afterwards.

74    As of the petition date, HomEq was not the holder of the note and/or mortgage, and had no standing to file a proof of claim on its own behalf.

75    HomEq filed a false or fraudulent proof of claim for the purpose of obtaining money or property to which it was not entitled.

76    The proof of claim has not been amended.

77    Its actions were unfair and/or deceptive within the meaning of Chapter 93A of the Massachusetts General Laws.

WHEREFORE Samuels respectfully requests judgment HomEq: 1) disallowing its claim and finding and declaring, pursuant to 11 USC §506(d), that the mortgage lien claimed by is is void; 2) awarding her treble damages, attorney fees and costs, pursuant to Mass.Gen. Laws Ch. 93A; 3) awarding her such other or different relief as to the court seems meet and just in the

circumstances.

*Accredited Home Lenders, MERS, and American Home Mortgage Servicing*

78   Samuels gave a second mortgage relating to the property at 316 Essex Street to MERS as nominee for Accredited, recorded at book 24718, page 377.  The original principal amount of the mortgage was $93,800.

79   No assignment of the mortgage appears on the records of the Registry of Deeds.

80   In a motion for relief from stay dated January 24, 2007, relating to the <u>first</u> mortgage, and other papers filed in the bankruptcy case, MERS, as nominee for Accredited, represented that the second mortgage was then held by Wilshire Credit.

81   Neither Wilshire nor MERS nor Accredited has filed a proof of claim relating to the second mortgage, notwithstanding notice of the case.

82   A search of the MERS system via the internet indicates that the mortgage apparently is being serviced by American Home Mortgage Servicing, Inc. ("AHMS").  AHMS has not filed a proof of claim, either.

83   In the absence of a proof of claim and in light of the conflicting information obtained, an actual controversy exists as to the identity of the actual holder of the note and mortgage recorded at book 24718, page 377 and the amount that would be owed to the actual holder.

WHEREFORE Samuels requests that the court find and declare the identity of the actual holder of the note and mortgage, as well as the amount owed to the holder, or in the event that Accredited, MERS and/or AHMS fail to appear in this adversary proceeding, that the mortgage lien be voided and any associated claim disallowed.

*Buchalter*

84   Buchalter filed two proofs of claim in this case.

85   The claims were filed on behalf of AMC Mortgage Services, Inc., purporting to be servicing agent for Argent Mortgage Company LLC.

86   As the facts stated above show, Argent was not the holder of the mortgages, and AMC was not the servicer of the mortgages.

87   Buchalter knew or should have known that Argent was not the holder and AMC was not the servicer.

88   Buchalter filed the proofs of claim without a sufficient investigation into the facts surrounding the proofs of claim.

89   Samuels has been damaged thereby.

9

WHEREFORE Samuels requests judgment against Buchalter for her damages as may be proven at trial together with an injunction against Buchalter filing any further proofs of claim in any case without an appropriate investigation into the facts of the claim.

*Miller and Clark, PC*

90  Miller filed a proof of claim in this case on behalf of HomEq Servicing.
91  The claim made no reference to any other entity and alleged that HomEq was the creditor to whom Samuels owed money based on a mortgage claim.
92  As the facts stated above show, HomEq was not the holder of the note or mortgage.
93  Miller knew or should have known that HomEq was not the holder or the note and mortgage.
94  Miller filed the proof of claim without a sufficient investigation into the facts surrounding the claim.
95  Samuels has been damaged thereby.

WHEREFORE Samuels requests judgment against Miller for her damages as may be proven at trial together with an injunction against Miller filing any further proofs of claim in any case without an appropriate investigation into the facts of the claim.

January 20, 2009

        Respectfully submitted,
        Gifty Samuels
        By debtor's attorney,


        /s/          *David G. Baker*
        David G. Baker, Esq.
        236 Huntington Avenue, Ste. 302
        Boston, MA  02115
        617-340-3680
        BBO# 634889